Mr. Peterson Yes, good morning, Your Honor. Your Honors, may it please the Court, my name is James Peterson on behalf of Brandi McKay, the plaintiff appellant in this matter. We're here in front of Your Honors today to decide whether or not Ms. McKay was a volunteer. She was applied for an internship with the Miami-Dade County Forensic Examiner's Office. This internship essentially gave her four weeks of training and then asked her to work for the next four months. Now, there's a couple reasons why Ms. McKay was not a volunteer. And the first and the most important issue here is how is the term volunteer defined in the FLSA? Can I ask you a question? I don't want to interrupt your argument on that point, but let me ask you an evidentiary point. Sure. Did Ms. McKay ever testify directly about what her reasons were for seeking, obtaining, and completing the internship? Yes, she did. She solely, and this is actually a very big point, she solely wanted to advance her career options. That was it. She wanted to learn how to become a... Would you keep your voice up, please? Yes, sorry. When you whisper, we have that thing over there, it's hard to hear. Yeah, I apologize. She solely wanted to become an autopsy photographer, and that is it. And that is actually a very big point on the record. There was no civic, and this will get to the regulations in a little bit, but there was no civic, charitable, humanitarian reason for Ms. McKay's seeking out this internship. And that's a big issue because that's what the regulations say, that for a public agency, that's what a volunteer needs for a public agency under the Fair Labor Standards Act. So there is record evidence... That direct testimony is in an affidavit or her deposition? It's definitely in a deposition. I think it's also in a declaration that was filed in conjunction with the motion for summary judgment. And it's undisputed. It's undisputed that Ms. McKay did not have a civic, or charitable, or humanitarian reason for seeking this internship. And that's a very crucial point, Your Honors, because when you look at the FLSA, it has an exception for volunteering with regards to public agencies. There's actually two different types of volunteers. There's a private entity, and there's the public agencies. And of course, Miami-Dade County is a public agency. Now, Congress, and this is outlined in the Brown case, Congress gave the authority to define volunteer to the Department of Labor. The Department of Labor has said in their regulations, this is from 1987, a volunteer is someone who does so for a civic, charitable, or humanitarian purpose. And that's the issue. And the district court erred by essentially setting aside the regulations. They said, you know what, I don't, basically said, I don't like the regulations. I'm going to use the primary beneficiary test, which relates to private entities. Okay, that's private, not public. Let me ask you about the statute, because it looked to me like the district court didn't do much analysis of the actual statute, and that is 203E4A. The provision says a few things. It says, if an individual volunteers to perform services for an agency, and receives no compensation, and the services aren't the type of services which the individual is employed to perform, then the person is not an employee, okay? So here, if we look at the second and third things I said, Ms. McKay received no compensation, right? And she was not employed to perform any services for the agency, right? Correct. Okay. So why doesn't that answer our question? Well, that's a very good point. So a couple points to that. The word volunteer, that starts off that section, is undefined within the FLSA. There's no definition, and that's what the Congress told the Department of Labor to define. And it also goes to this kind of overarching theme of employees are people, let's just call them people for now. People cannot waive their rights under the FLSA. They cannot waive their rights to minimum wage over time. That comes out of, the Alamo Foundation case basically states, hey, we don't care if somebody's coming in and swearing under oath they're a volunteer. We need to look deeper than that, because of possible coercion or whatever. We're not claiming coercion in this particular case. So is your argument that volunteers is ambiguous, and therefore we have to look to the regulations to find the definition? What I found interesting about the regulations is they don't actually define volunteer as a verb. They define it as a noun. Does that make any difference? Well, to us, no. And you're absolutely right that it is a verb in the FLSA, and it's a noun in the regulations. I think the intent was to define the verb in the FLSA, so we interpret those as the same thing. And that's a great point, Your Honor. Well, the regulation defines, as Judge Pryor said, but it defines it basically through conduct and action. Absolutely. Right? Not in terms of verbiage, but what a person does or doesn't do, and why the person does it or doesn't do it. I would say it's more why, Your Honor. Conducts and action, but it's more about the intent. What is a civic, humanitarian, charitable purpose? And that's our main point here, Your Honors, is that there is no record evidence that she did any of that. In fact, it's undisputed that she had no civic, humanitarian, or charitable purpose. So what the district court... The county... Did the county concede that point? Yes. Or you're just saying that all the evidence is lined up on your side of the ledger on that issue? Both, Your Honor. It's undisputed. And I believe the county even conceded that. I'm sure I will be corrected if I'm wrong. But no, I believe that's conceded. The county's argument really is a threshold argument. They're saying that, well, she wasn't paid, so that's it. That's the end of it. A little bit of what Judge Pryor was kind of intimating. But we're saying it's a two-pronged analysis. And that comes from the FLSA and the regulations, combined with the regulations, is that the two prongs are, were they paid? And then, did they do it for a civic, humanitarian, or charitable purpose? And of course, the record here says, no, she did not. And that's where the district court erred, is there really needed to be Chevron deference applied to the regulations. The Congress asked the Department of Labor to define volunteer. They did so. That definition is not arbitrary or capricious. So the district court needed to abide by that definition. So, does that mean that every intern who takes on an unpaid internship for the purpose of furthering his or her career would be an employee? No, it would not. And what we really need to look at is the underlying facts. Now, under the FLSA, each case is taken individually. They're very specific, individualized analysis. And I think what needs to happen is, at the agency level, there needs to be screening. There needs to be part of the interview process is, hey, you know, why are you taking this on? Maybe a checkbox on an application. If, we wouldn't be here today if, for instance, there was a checkbox on one of Ms. McKay's applications saying, I am doing this for a civic, humanitarian purpose. How could I come up here and argue that she had no civic or humanitarian purpose? So, there's cases out there that are concerned with exactly that, Judge. And I think the concern is, it's overstated, frankly. Because I think this is something that can be addressed at the agency level, and it simply wasn't done here. Can I ask you about a different scenario? Because we've got to not only figure out the result in this case, but figure out how to write it. Of course. And so, do the regulations anywhere say anything about a scenario where an intern does the work for academic credit? In terms of an actual regulation? Yes, or any guidance from the Department of Labor or anything else like that. There are interns, I mean, from personal experience on the court side, there are interns who spend time at a court during a semester in school. And in exchange for that sort of externship program, they get academic credit. Sure. Right? And so, is there anything out there on what a court is supposed to do when faced with that sort of a scenario? Not that- Because obviously that person is doing it, in large part, for academic credit and experience. Certainly, Your Honor. Not that I'm aware of off the top of my head in terms of regulations. There is case law that kind of goes to, it's pretty well established in the case law at this point, that it doesn't have to be purely for a civic charitable. You can have just a little bit of civic charitable or humanitarian- Suppose somebody at the University of Miami Law School- Yes. Wants to go and work in the county attorney's office as an intern to see how things are done and all that sort of stuff, which enhances its academic career. Your argument would be they have to pay. No. No. No, Your Honor. Why? My argument is- No, no, no. In that scenario, in that scenario, they have to pay the student. No. Why? My argument is during that process, that application process, simply, hey- They send a memo to NOVA and to the University of Miami, saying we would accommodate interns, students, during the summer or whenever, or part-time during the day, during school. Sure. And the intern comes, the student comes, is the student entitled to pay? It depends, Your Honor. And it depends mainly on, was that student doing at least in part for a civic charitable humanitarian purpose? The world knows that the student is going to enhance its education at the school. It's part of the training, otherwise, they're not going to get exposed to how the attorney's office operates for the city. And of course, they're going to go to court with the lawyers and observe all sorts of things. They'd have to be paid, under your argument, as I hear it. No, Your Honor. Then why not? Because at the screening process, at the very foundation, when you're talking to that potential intern, all they need is a little bit of motivation for civic humanitarian or charitable purpose. Stick with my hypothetical. Okay. They sent the memorandum to the law school and the placement person and the dean of the law school picks out two or three students and they go intern at the county attorney's office. Nothing else. They have to pay them. So there is also case law that... No, why don't you just tell me, they have to pay them? It still depends, Your Honor. Well, you've got all the facts. I just gave you all the facts. Okay, then I think it's a factual issue, Your Honor. With the facts you're simply giving me there. Well, let's put it this way. There's a lawsuit, at least, under your argument. Is that right? Yes. Okay, then I'll tell you what I would do if I were the general counsel's office for the city and all other kinds of... At the state circuit court, for example, same thing. I would say no students. And that's a way the Department of Labor wants it done. No students. I understand. And that's not what we're saying at all. Well, they're going to buy a lawsuit. If I were a state circuit judge down in Miami and I knew your argument, I would have no interns. Understood. And I respectfully disagree. That's not how it has to be. All right. It can be part of the application process. There are also courts that impute a certain level of civic or charitable motivation on certain positions. Firefighters, police officers. Well, it is charitable in the sense that the student is going to be more available and more able to serve the public. A lot of it pro bono. It certainly are. And I think that's a very valid point. Here, all we're talking about is someone that was photographing dead bodies. There was no civic or charitable or humanitarian purpose there. I see I'm out of time. Thank you. Okay. You've saved your time for rebuttal. Ms. McFarland. Thank you. May it please the Court. Leona McFarland, Assistant Miami-Dade County Attorney on behalf of the appellee, Miami-Dade County. As your honors have recognized in this case, if Ms. McKay's appeal is successful, essentially someone who signs an internship contract that recognizes that it's unpaid, spells out that it's six months and explains all of the training and signs an acknowledgment that they understand that they will receive no compensation, can, after the fact, file a lawsuit and say, I'm an employee. Judge Pryor recognized that there is something, although respectfully Judge McFarland, this idea that we have to determine if the person is a volunteer, a noun, in order to understand whether or not they voluntarily agree to perform services is not required in this case. There's a legal principle that the average citizen or whoever, the litigant, knows the law. Correct, Your Honor. Okay, so she knew the law just like the county knew the law. And so if she was not going to do anything, had none of the charitable or anything else she was doing for herself, then there's a question of whether or not she's making a misrepresentation, I suppose. Correct, but, Your Honor, that, again, goes to the regulations. And Chevron deference doesn't apply in this case because when a statute is unambiguous, you don't need to go to the regulations. And in this case, the Fair Labor Standards Act is unambiguous. In 23E, it says that the term employee does not include, right? When we get to 4A, it does not include any individual who volunteers to perform services. How do you define a volunteer? This statute isn't, the statute isn't asking for a definition. This case doesn't require the definition of a volunteer. It has to because if you are relying on the plain language of the statute, which talks about the definition of employee not including a volunteer, we have to figure out who a volunteer is. Or we have to figure out what it means to volunteer. So what does it mean to volunteer? You've reached exactly the point. The statute doesn't say a volunteer. It refers to someone who volunteers. And that is a plain meaning. You volunteer to do something. If you do it on your own, without coercion, without duress, and to go to the- Even if you're offered the position? Yes, Your Honor. So why does the county pay legal summer interns? The county doesn't pay legal. We have, the county doesn't pay legal summer interns. We pay law students who come in and are hired to work. And we pay them because that's a hiring program. We don't pay interns. How are those students different than Ms. McKay? Number one, Ms. McKay was not a student. Ms. McKay's direct testimony on- Why does that matter whether you're a student or not? It matters because it goes to what the purpose of Ms. McKay, why Ms. McKay signed up. I think the cases that look at student interns, occasionally look at student interns differently because there is some level of coercion. Meaning if your law school requires you to do an internship, you're not necessarily voluntarily providing that. If you're being hired as a summer clerk, you're not agreeing to work unpaid. You're actually applying for a job and only accepting the job because you've been promised a certain level of compensation. If the county, quote unquote, hired law students for the summer under the same terms and conditions as Ms. McKay, would they be employees? No, Your Honor. Why not? Because, well, and we're using the term hired. So the county tomorrow could decide that they are going to eliminate the payment and hiring in the colloquial sense of law students and just simply have those law students come in, sign a volunteer agreement without academic credit, and work for two months, three months during the summer. And you'd be okay under the FLSA? Yes, Your Honor. And the reason is because there are, quite frankly, law students, to use the same analogy, that can't get a paid position, that aren't able to secure paid employment. That's usually 1Ls. And those law students, because they want to have summer experience, because they want to show that they did something with their time, will agree to work unpaid as law clerks, as clerks in the judicial circuit. We have that every summer. And so there are, for those people that, because their grades are not sufficient, or because they didn't submit applications early enough, who don't get a summer job. And those people spend normally 1L summers, but occasionally 2L summers, working without any payment, without any compensation, doing exactly the same work that the paid, and we'll use the example from Todaro, that the law clerks actually perform, the people that are being paid to draft opinions for the court. Listen, I agree with you that a decision in this case is fraught with consequences. But sometimes the law doesn't allow you to reach decisions that are in the best social good. And you need to tell me why, at least for my purposes, I don't speak for Judge Pryor, for Judge Choflat, of course, why you can refuse to give Chevron deference to the regulation. First, Your Honor, because the statute 203-4E-4A is unambiguous. And two, because the regulations, by their very definition, when we get to 533-100, it for people who are volunteers, under which individuals may perform hours of volunteer service. It is not designed to describe situations when individuals may perform unpaid internships. If you go on to Section 104 of the same regulations, it makes it clear in the very last of Section A that there are no limitations or restrictions imposed by the FLSA on the types of services which private individuals may volunteer to perform. But that's talking about types of services, not the motivation. And we've been talking about the motivation for taking on the internship. Correct. And Your Honor, the plaintiff, or Ms. McKay below, has driven the discussion and insisted that you have to look at the motivation in order to decide whether or not a person is a volunteer. But respectfully, the motivation as to whether she's a volunteer doesn't change the initial inquiry, which is, was she ever an employee? But that just defines, that defines volunteer by reference to employee, and the statute says that an employee excludes a volunteer. So it's a vicious circle. Your Honor, the statute doesn't say an employee excludes a volunteer. Someone who volunteers. Someone who volunteers. Who can volunteer except a volunteer? Well, unpaid interns. An unpaid intern who, in your view, is a volunteer. Your Honor, a volunteer, in this example, and as we read the statute, is someone that does want to help, that does say, listen, I recognize that there are children that need help in school. I volunteer. I want to serve as a volunteer to help these people. That's the civic charitable purpose. However, in the initial stages, if you don't want to help, and that's what we have here. Ms. McKay is saying, I didn't want to help anybody except myself, and we can go back to the foundation of the FLSA and its interpretations when we go back to Wally and the Supreme Court. It said that someone that does it just to help themselves, someone who strictly says, I'm going to do this because you're going to give me information and knowledge that I wouldn't otherwise get. I'm going to do this to get experience that I wouldn't otherwise get. The Supreme Court has said that that person never becomes an employee. What case is that? It's the Walling, Portland, Walling, the trainee case involving the Portland Terminal. Okay. And so, again, the Court initially concluded that this person is not an employee before going on to say, but to the extent there is a question that there is something that the Court has to decide, Judge Scola put forth the primary beneficiary test, which is the test that private employers, private agencies have that test applied for their unpaid internships. Why would you carry over that test when there is a specific exclusion on the public side? Because the exclusion on the public side, as I read the statute, the motivation for that was because it is allowed. It's more generally allowed on the public side and that the test needed to be applied to private agencies because there was a tension. The FLSA treats public agencies differently from private agencies, including recognizing that in public agencies, there are people that can agree to work without compensation. Although there are no binding decisions or precedent, this is a matter of first impression, but we can look to what does the DOL intend? What do the regulations mean? One of the avenues that the District Court cited to was this fact sheet that recognizes, even as it's laying out the primary beneficiary test for private agencies, that unpaid internships for public agencies are generally permissible. What fact sheet is that? From where? It's a DOL fact sheet cited in Judge Scola's opinion. Why would you give deference to that and not to the regulation? Because when we're giving deference to the regulation, right, we're trying to figure out, well, what did the Department of Labor intend? What did it mean? And if we read the regulation to mean that the Department of Labor intended that no public agency could ever have an unpaid intern unless that intern had a civic, charitable, or humanitarian purpose, that would not make sense. And a lot of the cases we've seen deal with this issue have to resort to a common sense analysis because as the District Court recognized in Tadaro, as the District Court recognized in Vlad Bernadine, if you read these regulations to exclude anybody that didn't have a civic, charitable, or humanitarian purpose, meaning if they're not a volunteer, then they are necessarily an employee, would not make sense. If the regulation defined the term, who volunteers, as opposed to the noun volunteer, would that regulation be entitled to deference? Yes, Your Honor. So your argument depends on the nomenclature? Yes, Your Honor, because a volunteer means something differently. A volunteer is different, and that's what the regulations define. You think you can volunteer without being a volunteer? Yes. I think if you ask who wants to go first, if I raised my hand and said I'll go first, I am volunteering, but you wouldn't call me a volunteer, I'd just be the first lawyer that's being paid to come up and argue. There is a difference between volunteering for something and being a volunteer. I know, that's why the term is ambiguous. Your Honor. And that's why the DOL issued the regulation, because it can mean different things in different contexts, right? Yes, Your Honor, and if the regulations define unpaid intern, I would say that we would need to defer to that. But in this case, under the facts of this case, it's defining a volunteer. It's not, it's leaving out an entire category of people, which we know exists because in private sector cases, they've had to flesh out a test for people who agree to an unpaid internship. And that's what we have in this case, and we respectfully request that the court affirm Judge Scola's decision because Ms. McKay was not an employee, and it wouldn't make sense to render all people who are not volunteers, employees, simply because they lack a civic or humanitarian or charitable purpose. One more question, if I could, before you sit. Is this an either-or proposition for you or for Ms. McKay, that each one of you has to support pure law and that there's no issue of fact for a jury to decide, given the evidentiary record? Yes, Your Honor, both sides move for summary judgment, and we, both sides agree that as a matter of law, this can be decided. Okay, so nobody gets a trial, no matter what the result is. Somebody wins, somebody loses, end of story. Yes, Your Honor. Okay, I'll ask Mr. Patterson the same, Mr. Peterson the same question. Thank you very much. Thank you for your time. Okay, Mr. Peterson, that's your first question. Can the so-called volunteer waive the right to compensation? No, not under the FLSA. Can't waive it? No, no. At all? No. That means no volunteer. It doesn't, Your Honor. That's what I mean in my hypothetical setting. If the law student, the law student cannot waive the payment of being in the general counsel's office or in a circuit judge's office or in a state attorney's office. Let me clarify. It depends on, it's interesting, it depends on what the law student says. If the law student says, I'm coming down here and I'm volunteering, whatever it is, for no pay and I know exactly how you're going to use me, no pay, I in effect waive it. I'm presumed to know the law and I know that there's this regulation that says they got to pay me, but I waive it. Is that legal? Under the FLSA, no. Unless... And that's, in my view, that's the end of the program. Well, that's, maybe, but that's not... How about hospitals? They're loaded with volunteers. And hospitals... And they're not paid either. Yes, understood, Your Honor. In your scenario, unless the volunteer says, I am doing this for a civic, charitable purpose... No. Okay, that's all right, Your Honor. That could be fraudulent. That could be fraudulent. You take a case where you insist that the person be paid and the person says, I'm doing it for charitable work. And that's a volunteer? Now we have a lawsuit, but then he meets you later on after he's been down there for a year on weekends or whatever it is and there's a lawsuit and a swearing match. I guess we go to the jury? Well, it also depends, Your Honor. I need to clarify. Is this a public agency we're talking about or a private hospital? They're two different standards. And that's something I wanted to... If she had used the magic words, I'm doing it for charity, there'd still be a jury trial, wouldn't there? Not in my opinion. That's... No, because there would be no charity. There would be if she later testified that that statement was not accurate. Well... You have a jury question. I guess you could... Yeah, it could be an issue of fact. This happens every day, though. The courts are full of cases like that. Sure, understood. I'm just... Cases like... You know what I'm talking about. Cases in which there's an argument by the defendant that the person waives a point. Yes. I understood, Your Honor. And certainly, I would suggest that public agencies get it in writing. That, you know, that's something that would be very favorable to them. Mr. Peterson, your argument is the same as Ms. McFarland's, that either side wins or loses whole hog in this appeal? If there is no... If we never get to the second issue. If we're just talking about the regulation. And we've not even discussed the second issue. And frankly, I... Both sides have told the court that there's no dispute in this case and rule. Yeah. You made a representation as an officer of the court, both of you, that there's nothing to be tried here. As long as we're going by the regulation. Yes. You made a Rule 11 representation to the court when you move for summary judgment. There are no material facts of dispute. Correct. Okay. Yes. And I agree with that. Now, something that we have not had time to discuss was the primary beneficiary analysis. Frankly, I'm not going to concern myself with it at this point. I don't think it was something the district court should have reached. Now, in that scenario, I do think there are disputed issues of fact. But just going on the primary discussion that we've all had today, the regulations and what defines a volunteer. Absolutely. The case... The district court should be reversed and judgment should be entered for my client. All right. Thank you very much. Thank you. All right. That constitutes the end of our panel. And court is in recess. Thank you.